IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02827-PAB

BERTRAM ERNEST BENNETT JR.,

    Plaintiff,

v.

ASM GLOBAL/SMG,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation and Order of United States Magistrate Judge [Docket No. 11]; plaintiff's Motion [Docket No. 15] requesting an extension of time to file an amended complaint; and Defendant's Motion to Strike, or in the Alternative, Dismiss Plaintiff's Amended Complaint [Docket No. 17]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### I.    BACKGROUND

On August 18, 2023, plaintiff Bertram Ernest Bennett Jr., proceeding pro se, filed this case in the District Court for Denver County, Colorado. Docket No. 5 at 2. On October 27, 2023, defendant ASM Global/SMG ("SMG") removed the case to federal court on the basis of diversity jurisdiction. Docket No. 1.

On October 31, 2023, Magistrate Judge Scott T. Varholak issued an order to show cause to Mr. Bennett. Docket No. 10. Judge Varholak found that the complaint fails to comply with the basic pleading requirements of Fed. R. Civ. P. 8 because it

contains no "statement of the claim showing that the pleader is entitled to relief." *Id*. at 3 (quoting Fed. R. Civ. P. 8(a)(2)). Judge Varholak stated that the

> Complaint names as defendant "ASM Global/SMG," and checks two boxes that "the Defendant company does business in Denver" and "the actions took place in Denver." [Docket No. 5 at 5-6.] It asserts three claims: "Discrimination," "Retaliation," and "Pendent Claim Wrongful Discharge/Suspension." [*Id*. at 7.] Under a section labeled "Facts," the Complaint states "See Attachment." [*Id*. at 8.] There is, however, no attachment. It therefore rests solely on labels of claims, with no relevant supporting factual allegations whatsoever. This plainly fails to meet the basic pleading requirements of Rule 8.

*Id*. Judge Varholak explained that, pursuant to Rule 8, a plaintiff's complaint must explain: (1) "what each defendant did to him"; (2) "when the defendant did it"; (3) "how the defendant's action harmed" the plaintiff; and (3) "what specific legal right the plaintiff believes [each] defendant violated." *Id*. at 2 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, *at Arapahoe Cnty. Just. Ctr*., 492 F.3d 1158, 1163 (10th Cir. 2007)). As a result, Judge Varholak ordered plaintiff, on or before November 28, 2023, to either "(1) file an amended complaint that complies with the Federal Rules of Civil Procedure and sets forth the factual bases for the claims asserted, or; (2) otherwise show cause, in writing, why the Complaint should not be dismissed for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8." *Id*. at 3. He advised Mr. Bennett that "failure to timely or adequately respond to this Order to Show Cause may result [in] a recommendation that this action be dismissed." *Id*. Judge Varholak also informed Mr. Bennett that he may qualify for assistance from the Colorado Bar Association Federal Pro Se Clinic and provided the clinic's contact information. *Id*. at 3 n.2. Judge Varholak suspended SMG's obligation to file a responsive pleading until plaintiff "has filed an adequate amended complaint or otherwise satisfactorily discharged this Order to Show Cause." *Id*. at 4.

2

Mr. Bennett did not file an amended complaint or a response to the order to show cause by the November 28, 2023 deadline. On November 30, 2023, Magistrate Judge Varholak issued a recommendation to dismiss this case with prejudice due to plaintiff's failure to comply with Fed. R. Civ. P. 8 and the order to show cause. Docket No. 11. Judge Varholak explained that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Id*. at 3-4 (quoting *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017)). Moreover, Judge Varholak noted that, "[i]f a complaint fails to meet the[] basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Id*. at 4 (quoting *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished)). To determine whether the dismissal should be with or without prejudice, Judge Varholak evaluated the following five factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Id*.

Judge Varholak found that the *Ehrenhaus* factors weighed in favor of dismissing this action with prejudice. *Id*. He explained that

> Defendant has suffered actual prejudice as a result of Plaintiff's failures to adhere to the pleading rules set forth by the Federal Rules of Civil Procedure, address the deficiencies when given the opportunity to do so, and comply with Court orders. Specifically, Defendant has been subjected to a lawsuit seeking an indeterminate amount of damages with no asserted factual basis for the claims, and continues to experience delay and uncertainty in the resolution of the

3

uncertain claims against them.  Second, the amount of interference with the judicial process is significant as Plaintiff has failed to comply with the Court's order to address the deficiencies identified in its Order to Show Cause.  Based on this failure, the Court is satisfied that further opportunities for Plaintiff to amend his Complaint would be met with the same disregard and only further interfere with the judicial process.  Third, Plaintiff appears to be solely responsible for his failure to comply with the Federal Rules of Civil Procedure and this Court's orders, and has ignored the opportunity given by the Court to show cause for his failures or amend his Complaint.  Fourth, the Court previously warned Plaintiff that his failure to comply with the duly issued Order to Show Cause may result in a recommendation that this action be dismissed.  [Docket No. 10 at 7]  Finally, there does not appear to be any lesser sanction that would be effective, as Plaintiff has been unresponsive to the order from this Court instructing Plaintiff to address the Complaint's deficiencies.

*Id*. at 4-5 (footnote omitted).  The recommendation states that any objections must be filed within fourteen days after service on the parties.  *Id*. at 5 n.2.

On December 7, 2023, Mr. Bennett filed a letter, Docket No. 14, which the Court construes as an objection to the magistrate judge's recommendation.  That same day, Mr. Bennett filed a motion for an extension of time to file an amended complaint, Docket No. 15, and an amended complaint.  Docket No. 13.[1]  On December 26, 2023, SMG filed a response opposing Mr. Bennett's objection to the recommendation and his motion for an extension of time to file an amended complaint.  Docket No. 16.  Contemporaneously, SMG filed a motion to strike Mr. Bennett's amended complaint or, in the alternative, to dismiss the complaint pursuant to Rule 12(b)(6).  Docket No. 17.  On December 29, 2023, Mr. Bennett filed another letter, which appears to be a response to the magistrate judge's order to show cause.  *See* Docket No. 18.

---

[1] It is unclear whether Mr. Bennett intended to file the amended complaint as an attachment to his motion for an extension of time or whether he intended to file it as a separate docket entry.

## II. LEGAL STANDARD

### A. <u>Objections to a Magistrate Judge's Recommendation</u>

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

### B. <u>Pro Se Plaintiff</u>

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The "court, however, will not supply additional factual

5

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).  It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).  Furthermore, pro se parties are required to "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).  Because Mr. Bennett is proceeding pro se, the Court will construe his pleadings liberally without serving as his advocate.  *See Hall*, 935 F.2d at 1110.

III.    ANALYSIS

A. <u>**Defendant's Motion to Strike the Amended Complaint**</u>

The Court will first consider SMG's motion to strike plaintiff's amended complaint. *See* Docket No. 17.  SMG argues that the Court should strike plaintiff's amended complaint, Docket No. 13, because Mr. Bennett did not properly file this pleading under Rule 15.  Docket No. 17 at 6-7.  SMG claims that Mr. Bennett had no right to amend as a matter of course pursuant to Rule 15(a)(1)(B) because Judge Varholak suspended SMG's obligation to file a responsive pleading.  *Id*.  SMG states that Mr. Bennett was not entitled to file the amended complaint pursuant to Rule 15(a)(2) because Mr. Bennett did not file the amended complaint within the time prescribed by Judge Varholak's order to show cause and did not obtain defendant's consent or the Court's leave to file the amended complaint after the November 28, 2023 deadline.  *Id*. at 7.  Mr. Bennett did not respond to this argument.

> Rule 15 of the Federal Rules of Civil Procedure provides that a
>
> party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court agrees with defendant that Mr. Bennett is not entitled to amend his complaint as a matter of right pursuant to Rule 15(a)(1). Mr. Bennett did not file the amended complaint within 21 days after serving his original complaint. *See* Docket Nos. 1, 5, 13. Plaintiff's original complaint did not require a "responsive pleading," *see* Fed. R. Civ. P. 15(a)(1)(B), because Judge Varholak suspended SMG's obligation to file a responsive pleading until plaintiff "has filed an adequate amended complaint or otherwise satisfactorily discharged [the] Order to Show Cause." *See* Docket No. 10 at 4. Accordingly, Mr. Bennett could only amend his complaint "with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). Mr. Bennett did not comply with Judge Varholak's order to file an amended complaint on or before November 28, 2023, *see* Docket No. 10 at 3, and instead filed an amended complaint on December 7, 2023. Docket No. 13. Although Mr. Bennett contemporaneously moved for an extension of time to file an amended complaint, *see* Docket No. 15, Mr. Bennett did not obtain the Court's leave prior to filing the amended complaint. Mr. Bennett also did not obtain SMG's consent to file an amended complaint. Because Mr. Bennett failed to comply with Rule 15(a)(2), the Court will strike his amended complaint. *See Matthews v. LaBarge, Inc.*, 407 F. App'x 277, 280 (10th Cir. 2011) (unpublished) (affirming district court's decision to strike an amended complaint because plaintiff

7

"made no attempt to procure either [defendant's] consent or the court's permission before filing it" pursuant to Rule 15(a)(2)).  Accordingly, the Court grants this portion of defendant's motion.[2]

### B. Plaintiff's Motion for an Extension of Time

The Court will next consider Mr. Bennett's motion for an extension of time to file an amended complaint.  *See* Docket No. 15.  In support of this motion, Mr. Bennett states "I did not fully understand that I no longer needed to deal with Denver District Court and needed to deal with U.S. District Court.  I am still seeking an attorney." *Id*. at 1.[3]  SMG responds that the Court should deny Mr. Bennett's motion pursuant to Fed. R. Civ. P. 6 because Mr. Bennett has failed to show excusable neglect for failing to comply with the order to show cause.  Docket No. 16 at 6, 8-10.

Federal Rule of Civil Procedure 6(b) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In analyzing whether the movant has demonstrated "excusable neglect" under Rule 6, the court considers four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good

---

[2] Therefore, the Court will not address defendant's alternative argument that the Court should dismiss plaintiff's amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See* Docket No. 17 at 7-11.

[3] Mr. Bennett states that he conferred with opposing counsel regarding this motion.  Docket No. 15 at 2.  SMG's counsel states that she was unable to find any email, voicemail, or other attempted correspondence from plaintiff regarding this alleged conferral.  Docket No. 16 at 4.

faith.  *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).  The Tenth Circuit has held that the third factor is "perhaps the most important single factor" in the excusable neglect analysis.  *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (unpublished) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)); *see also Perez*, 847 F.3d at 1253.  An "inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect."  *Perez*, 847 F.3d at 1253; *see also Babakr v. Fowles*, 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024).

The Court finds that Mr. Bennett has failed to demonstrate excusable neglect.  Although Mr. Bennett claims that he did not "fully understand" that he "needed to deal with [the] U.S. District Court," *see* Docket No. 15 at 1, Mr. Bennett admits in another filing that he received an order from the Court on November 13, 2023 and "did not take any further action."  *See* Docket No. 14 at 1.  Mr. Bennett fails to provide any explanation as to why he was unable to file an amended complaint in this Court by the deadline.  Although Mr. Bennett states that he is "still seeking an attorney," *see* Docket No. 15 at 1, Mr. Bennett's "pro se status does not constitute excusable neglect for failing to file a timely" amended complaint.  *See Babakr*, 2024 WL 1479693, at *5; *see also Griffin v. Dunn*, 355 F. App'x 238, 239 (10th Cir. 2009) (unpublished) (noting that "compliance with the magistrate judge's order to file an amended complaint . . . does not require an attorney").[4]  Furthermore, Mr. Bennett does not explain why he waited

---

[4] To the extent that Mr. Bennett argues that he could not comply with the deadline because he did not understand Rule 8, the Court rejects that argument.  A pro se party's "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."  *Babakr*, 2024 WL 1479693, at *5 (quoting *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)); *see also*

until December 7, 2023 to request an extension of time when he received the Court's order on November 13, 2023. *See* Docket No. 14. Accordingly, the Court finds that Mr. Bennett's "inadequate explanation for delay [is] by itself. . . sufficient to reject a finding of excusable neglect." *See Perez*, 847 F.3d at 1253; *see also Babakr*, 2024 WL 1479693, at *4. The Court therefore denies Mr. Bennett's motion for an extension of time to file an amended complaint.

### C. Objections to the Magistrate Judge's Recommendation

The Court construes plaintiff's letter, Docket No. 14, as an objection to the magistrate judge's recommendation. The Court interprets plaintiff's letter as raising two objections.

#### 1. Objection One

Mr. Bennett's first objection states

> [b]ecause I followed all the rules and the Defendant knows what this action did to me, I am also requesting the Defendant file a Motion for a More Definite and Certain Statement. I thought I would provide more detail, but it is best he be specific about what he wants.

Docket No. 14 at 1. The Court overrules this objection. Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Assn. of Kan.*,

---

*Nielsen*, 17 F.3d at 1277 (pro se parties are required to "follow the same rules of procedure that govern other litigants" (citation omitted)).

891 F.2d 1473, 1480 (10th Cir. 1989) (citation omitted); *see also Fox v. Cal. Franchise Tax Bd.*, 443 F. App'x 354, 362 (10th Cir. 2011) (unpublished) (noting that plaintiff has the "burden" to "provide fair notice of the grounds for the claims made against each of the defendants") (citation omitted).  A defendant has no obligation under the Federal Rules of Civil Procedure to file a motion for a more definite statement.  Accordingly, the Court overrules Mr. Bennett's first objection.

### 2.  *Objection Two*

Mr. Bennett's second objection states

> I am also reviewing FRCP 8 and attempting to understand with which part I failed to comply.  I did my absolute best to follow the filing procedure on the Court's website.  I understand that the Court is neutral, but I am requesting the court to allow my case to proceed.
>
> I am ready, willing, and able to follow all orders of the Court and as such, I respectfully request the Court not to dismiss the action I have brought.  I am actively looking for counsel to assist me.  I am recontacting Mr. Watson to come to an understanding of the next steps.

Docket No. 14.

To the extent that Mr. Bennett's second objection argues that the Court should reject the magistrate judge's recommendation because Mr. Bennett did not understand Rule 8, the Court overrules that argument.  Although the Court must construe Mr. Bennett's pleadings liberally, Mr. Bennett is required to "follow the same rules of procedure that govern other litigants," including Rule 8.  *See Nielsen*, 17 F.3d at 1277 (citation omitted); *see also Robledo-Valdez v. Colo. Dep't of Corr.*, No. 20-cv-00247-WJM-NRN, 2021 WL 672494, at *2 (D. Colo. Feb. 22, 2021) (noting that a plaintiff's pro se status does not excuse his obligation to comply with Fed. R. Civ. P. 8).  In the order to show cause, Judge Varholak explained that Mr. Bennett's complaint did not comply

with Rule 8 because the complaint contains no "supporting factual allegations whatsoever" for plaintiff's discrimination, retaliation, or wrongful discharge claims. Docket No. 10 at 3. Judge Varholak provided clear instructions on how to file an amended complaint that complies with Rule 8. *See id*. at 2-3. Specifically, Judge Varholak explained that plaintiff's complaint must describe: (1) "what each defendant did to him"; (2) "when the defendant did it"; (3) "how the defendant's action harmed" the plaintiff; and (3) "what specific legal right the plaintiff believes [each] defendant violated." *Id*. at 2 (quoting *Nasious*, 492 F.3d at 1163). Mr. Bennett did not file an amended complaint in compliance with Rule 8 by the deadline.[5] "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez*, 756 F. App'x at 785.

To the extent that Mr. Bennett's second objection argues that the Court should reject the recommendation because Mr. Bennett is "actively looking for counsel" and is "recontacting" opposing counsel, *see* Docket No. 14, the Court finds that this objection is not specific. The objection provides no explanation why the factual and legal conclusions in the recommendation are erroneous. *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute"); *Jones v.*

---

[5] The Court also notes that plaintiff's stricken amended complaint, Docket No. 13, does not comply with Rule 8. The stricken amended complaint contains one sentence describing plaintiff's claims: "[i]n prior situation, [SMG] has back paid other employee[s] who were suspended and then brought back to work after an investigation found that employee was not at fault[,] according to HR/manager Cheri Wilbur." Docket No. 13 at 3. The stricken amended complaint does not describe what SMG did to plaintiff, "when the defendant did it," or how SMG's "action harmed" Mr. Bennett. *See Nasious*, 492 F.3d at 1163; *see also Rodriguez*, 756 F. App'x at 785.

*United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))).  Accordingly, the Court overrules plaintiff's second objection.

### 3.  *Non-Objected to Portions of the Recommendation*

Mr. Bennett did not object to the portion of the recommendation finding that the Court should dismiss plaintiff's claims with prejudice under the *Ehrenhaus* factors.  *See* Docket No. 11 at 4-6.  Nevertheless, the Court finds that dismissal without prejudice is more appropriate in this case.  "Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action with prejudice if the plaintiff fails to comply with the rules of procedure or a court order."  *Rueb v. Zavaras*, 532 F. App'x 831, 833-34 (10th Cir. 2013) (unpublished).  However, a dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct."  *Id*. (quoting *Ehrenhaus*, 965 F.2d at 920).  The Tenth Circuit has cautioned that courts should carefully consider "the practicability of alternatives to dismissing [a plaintiff's] cause with prejudice, such as dismissal without prejudice . . . . so that the party does not unknowingly lose its right of access to the courts because of a technical violation."  *Nasious*, 492 F.3d at 1163 (citation omitted).  Here, the Court finds that dismissal without prejudice is a lesser sanction that would be more appropriate in this case.  *See id*.  Mr. Bennett's subsequent filings provide some additional facts that might suffice to establish his burden under Rule 8.  *See* Docket No. 18 at 2 (describing that SMG suspended plaintiff on November 16, 2021 due to "a false allegation of improper COVID vaccination documentation").

Accordingly, the Court rejects this portion of the recommendation and will dismiss Mr. Bennett's claims without prejudice.

### IV.     CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion to Strike, or in the Alternative, Dismiss Plaintiff's Amended Complaint [Docket No. 17] is **GRANTED in part**. It is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Docket No. 13. It is further

**ORDERED** that plaintiff's Motion [Docket No. 15], requesting an extension of time to file an amended complaint, is **DENIED**. It is further

**ORDERED** that the Recommendation and Order of United States Magistrate Judge [Docket No. 11] is **ACCEPTED in part**. It is further

**ORDERED** that plaintiff's Letter [Docket No. 14], which the Court construes as an objection to the magistrate judge's recommendation, is **OVERRULED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice** for failure to comply with Fed. R. Civ. P. 8. It is further

**ORDERED** that this case is closed.

DATED September 18, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge