IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02827-PAB

BERTRAM ERNEST BENNETT JR.,

    Plaintiff,

v.

ASM GLOBAL/SMG,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on plaintiff Bertram Ernest Bennett Jr.'s Motion for Reconsideration [Docket No. 21]. Defendant ASM Global/SMG filed a response. Docket No. 23.

## I. BACKGROUND[1]

On August 18, 2023, Mr. Bennett, proceeding pro se,[2] filed this case in the District Court for Denver County, Colorado. Docket No. 5 at 2. On October 27, 2023, defendant ASM Global/SMG ("ASM") removed the case to federal court. Docket No. 1.

---

[1] A full recitation of this case's background can be found in the Court's order accepting the magistrate judge's recommendation in part, granting in part ASM's motion to strike the amended complaint, and denying Mr. Bennett's motion for an extension of time. *See* Docket No. 19 at 1-4.

[2] Because Mr. Bennett is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On October 31, 2023, Magistrate Judge Scott T. Varholak issued an order to show cause to Mr. Bennett.  Docket No. 10.  Judge Varholak found that the complaint fails to comply with the basic pleading requirements of Fed. R. Civ. P. 8 because it contains no "statement of the claim showing that the pleader is entitled to relief."  *Id*. at 3 (quoting Fed. R. Civ. P. 8(a)(2)).  He ordered Mr. Bennett, on or before November 28, 2023, to either "(1) file an amended complaint that complies with the Federal Rules of Civil Procedure and sets forth the factual bases for the claims asserted, or; (2) otherwise show cause, in writing, why the Complaint should not be dismissed for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8."  *Id*.  He advised Mr. Bennett that "failure to timely or adequately respond to this Order to Show Cause may result [in] a recommendation that this action be dismissed."  *Id*.  Mr. Bennett did not file an amended complaint or a response to the order to show cause by the November 28, 2023 deadline.  On November 30, 2023, Magistrate Judge Varholak issued a recommendation to dismiss this case with prejudice due to plaintiff's failure to comply with Fed. R. Civ. P. 8 and the order to show cause.  Docket No. 11.

On December 7, 2023, Mr. Bennett filed a letter, Docket No. 14, which the Court construes as an objection to the magistrate judge's recommendation.  That same day, Mr. Bennett filed a motion for extension of time to file an amended complaint, Docket No. 15, and an amended complaint.  Docket No. 13.[3]  On December 26, 2023, ASM filed a response opposing Mr. Bennett's objection to the recommendation and his motion for an extension of time to file an amended complaint.  Docket No. 16.

---

[3] It is unclear whether Mr. Bennett intended to file the amended complaint as an attachment to his motion for an extension of time or whether he intended to file it as a separate docket entry.

2

Contemporaneously, ASM filed a motion to strike Mr. Bennett's amended complaint or, in the alternative, to dismiss the complaint pursuant to Rule 12(b)(6).  Docket No. 17.  On December 29, 2023, Mr. Bennett filed another letter, which appears to be a response to the magistrate judge's order to show cause.  *See* Docket No. 18.

On September 18, 2024, the Court granted ASM's motion to strike the amended complaint, denied Mr. Bennett's motion for an extension of time to file an amended complaint, and accepted the magistrate judge's recommendation in part.  Docket No. 19 at 14.  The Court denied Mr. Bennett's motion for an extension of time because he failed to demonstrate "excusable neglect," pursuant to Rule 6(b), for his failure file an amended complaint or otherwise respond to the order to show cause by November 28, 2023.  *Id.* at 8-10.  The Court overruled Mr. Bennett's objection to the magistrate judge's recommendation that his case be dismissed for failure to comply with Rule 8 and the order to show cause.  *Id.* at 10-13.  However, the Court found that dismissal without prejudice was more appropriate because Mr. Bennett's subsequent filings provided additional facts that might suffice to meet his burden under Rule 8.  *Id.* at 10.  Final judgment was entered on September 18, 2024.  Docket No. 20.

II.     ANALYSIS

In his motion, Mr. Bennett argues that the Court should grant relief from the September 18, 2024 order because it was "effectively a dismissal with prejudice due to the 90-day time limit to file after [the] right to sue letter is issued."[4]  Docket No. 21 at 1.

---

[4] It is unclear what "90-day time limit" Mr. Bennett is referring to.  "Both [Colorado] state and federal law require discrimination complainants to receive right-to-sue notices to file private civil actions."  *Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 812 (10th Cir. 2010).  "Colorado law requires discrimination plaintiffs to file suit within 90 days after the [Colorado Civil Rights Division ("CCRD")] jurisdiction ceases."  *Id.*

3

Plaintiff contends that "effectively" dismissing his case with prejudice was "unduly harsh and inequitable" because he "did not engage in willful misconduct." *Id.*

Furthermore, Mr. Bennett claims that defense counsel "lulled [Mr. Bennett] into inaction" by leading Mr. Bennett to "believe that the rest of [the] complaint which was filed in Denver County Court was going to be transferred to District Court and all [he] had to do was wait for the court to receive the complaint." *Id.* at 1-2. When he filed his complaint in Denver District Court, Mr. Bennett claims that he attached a separate document that included relevant facts. *Id.* at 2. However, Mr. Bennett contends that "Denver County Court did not include the attachment [he] filed" and that dismissal of his case is "inappropriate due to this court error." *Id.* Finally, Mr. Bennett argues that there was excusable neglect for his failure to comply with the order to show cause by November 28, 2023 because he "sustained extenuating circumstances due to the extended hospitalization and subsequent death of his youngest son" which occurred from August 2023 to October 2023. *Id.* at 2-3. Mr. Bennett moves for relief under Rules 60(b) and 59(e). *Id.* at 1.

---

"Federal law, on the other hand, requires plaintiffs to file suit within 90 days of receiving a right-to-sue notice from the EEOC." *Id.* Therefore, Mr. Bennett could be referring to the fact that he received a right-to-sue notice from the CCRD, which would have permitted him to file this action in Denver District Court. *See* Colo. Rev. Stat. § 24-34-206(11)(b). Alternatively, Mr. Bennett could be referring to the fact that he received a right-to-sue notice from the EEOC, which also would have permitted him to file this action in Denver District Court. *See Rodriguez*, 603 F.3d at 816 (noting that plaintiff's EEOC right-to-sue notice state that his "lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right-to-sue based on this charge will be lost"). However, as discussed below, there is no evidence in the record regarding Mr. Bennett's legal basis for his claims. There is also no evidence in the record that Mr. Bennett received a right-to-sue notice from the CCRD or EEOC.

### A. Relief Pursuant to Rule 60(b)

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

Mr. Bennett does not specify the provisions of Rule 60(b) under which he seeks relief. *See* Docket No. 21 at 1-3. Construing his pleading liberally, it appears that Mr. Bennett moves for relief under Rule 60(b)(1), which provides that a court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Mr. Bennett argues that there was excusable neglect for his failure to respond to the show cause order. Docket No. 21 at 2-3. Specifically, he contends that the death of his son and the Denver District Court's failure to attach a document containing supporting facts to his complaint constitute excusable neglect. *Id*. However, these are arguments that were available at the time that the Court issued the September 18, 2024 order, but which Mr. Bennett did not make. Therefore, Mr. Bennett's new arguments, which could have been raised earlier, do not support relief under Rule 60(b)(1). *See Zurich N. Am.*, 426 F.3d at 1289.

Even if Mr. Bennett could advance such arguments on a Rule 60(b) motion, the Court finds that Mr. Bennett's explanations for his failure to comply with the order to

5

show cause do not constitute excusable neglect. An "inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez* v. *El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). Mr. Bennett does not explain why he waited until December 7, 2023, approximately four months after the hospitalization of his son, to request an extension of time to respond to the order to show cause. *See* Docket No. 15. Furthermore, in his motion for extension of time, Mr. Bennett did not mention his son's illness or death. *Id.* at 1. As ASM notes, Docket No. 23 at 14-15, Mr. Bennett continued to participate in the case between October and December 2023 without communicating to the Court or opposing counsel his son's illness or death and any effect they had on his ability to prosecute this case. *See, e.g.*, Docket Nos. 5, 13, 14, 15, 18; *see also Harrington v. City of Chicago,* 433 F.3d 542, 548 (7th Cir. 2006) (holding that counsel failed to show excusable neglect because, "despite the deaths of his family members, [counsel] could have and should have contacted the district court and opposing counsel to explain his circumstances"); *Odutola v. Branch Banking & Tr. Co.*, 2021 WL 5906105, at *3 (D.D.C. Dec. 14, 2021) (finding that plaintiff's reasons for "excusable neglect" that included "COVID-19, his and his counsel's health issues, the death of a family member, etc." did not warrant relief under Rule 60(b)(1) because plaintiff "was served by mail a copy of the show cause order and the order dismissing his case" "ignor[ed] both orders until June 2021" and did "not explain how the COVID-19 pandemic prevented him from exercising diligence in pursuing his case"); *Naylor v. Sollie*, 2022 WL 2079875, at *5 (S.D. Miss. June 9, 2022) (finding that pro se plaintiff's "allegation would not justify relief under Rule 60(b)(1) in any event" where plaintiff alleged that he was moved from "one facility to the other" and experienced a death in

his family) (citation omitted).  The Denver District Court's alleged failure to attach a document with additional facts to Mr. Bennett's complaint does not entitle Mr. Bennett to relief under Rule 60(b)(1).  As ASM notes, Mr. Bennett does not explain why he did not submit this missing document after the magistrate judge issued the order to show cause, wherein the judge informed Mr. Bennett of the missing document, Docket No.10 at 3, and gave Mr. Bennett the opportunity to file an amended complaint.  Docket No. 23 at 12.

Mr. Bennett also appears to move for relief under Rule 60(b)(3), which provides that a party may be relieved from a final order based upon "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  He claims that defense counsel told Mr. Bennett that he "should wait on the Rule 26 filing until the show cause was accepted by the court," which is the reason Mr. Bennett did not file an amended complaint.  Docket No. 21 at 3. As noted above, Mr. Bennett failed to raise this argument before the Court issued its September 18, 2024 order.  Moreover, even if defense counsel did suggest[5] it would be best to defer the exchange of initial disclosures pursuant to Rule 26 until Mr. Bennett responded to the order to show cause, Mr. Bennett does not explain how this suggestion amounts to fraud, misrepresentation, or misconduct or why waiting to exchange disclosures until he responded to a court order caused him not to respond to

---

[5] Defense counsel represents that he has "no recollection of a phone call regarding the Rule 26 conference and Defendants have found no records reflecting such a call."  Docket No. 23 at 12.  However, defense counsel states that he sent an email to Mr. Bennett, suggesting that the parties "hold off on the Rule 26(f) until additional information has been provided regarding [Plaintiff's] claims and the Court sets a scheduling conference."  *Id.* (quoting Docket No. 16-1 at 2).

7

the court order.  To obtain relief under Rule 60(b)(3), Mr. Bennett must show "clear and convincing proof" of fraud, misrepresentation, or misconduct.  *Zurich N. Am.*, 426 F.3d at 1290 (citation omitted).  Because Mr. Bennett fails to provide such clear and convincing proof, he is not entitled to relief under Rule 60(b)(3).

To the extent that Mr. Bennett moves for relief pursuant to Rule 60(b)(6) because dismissal without prejudice nonetheless results in his claims being time-barred, *see* Docket No. 21 at 1, the Court finds that Mr. Bennett has not shown that he is entitled to relief.  Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

As the Court noted in its September 18, 2024 order, the Tenth Circuit has cautioned that courts should carefully consider "the practicability of alternatives to dismissing [a plaintiff's] cause with prejudice, such as dismissal without prejudice . . . so that the party does not unknowingly lose its right of access to the courts because of a technical violation."  Docket No. 19 at 13 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)).  Therefore, the Court found that dismissal without prejudice was a lesser sanction that would be more appropriate.  *Id.*

It is true that the Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Nevertheless, there is no evidence here that dismissal without prejudice had the practical effect of dismissal with prejudice. At the time that the Court issued its September 18, 2024 order, Mr. Bennett had not provided the legal basis for his claims and whether his claims were subject to any statute of limitations. *See* Docket Nos. 5, 14, 15, 18. To date, the only indication that Mr. Bennett's claims could be time-barred is his claim that the "Courts dismissal with prejudice was intended to be a lesser sanction but it is effectively a dismissal with prejudice due to the 90-day time limit to file after right to sue letter is issued." Docket No. 21 at 1. Even if Mr. Bennett's claims are now time-barred, despite dismissal being without prejudice, Mr. Bennett fails to show that it "offends justice" to deny relief because he failed to address any applicable statute of limitations before the Court issued its September 18, 2024 order. *See Cashner*, 98 F.3d at 580; *cf. M.A.C. v. Gildner,* 853 F. App'x 207, 210 (10th Cir. 2021) (unpublished) (rejecting plaintiff's argument that the "without-prejudice nature of the [district court's] dismissal does not render the purported error harmless . . . because the statute of limitations expired during the three days the suit was pending" where "Plaintiff points to nothing in the record alerting the district court to the statute-of-limitations problem that dismissal purportedly created"); *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (acknowledging that "dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired," but holding that plaintiff "cannot demonstrate this effect because it has failed to sufficiently address

9

on appeal the possible running of a statute of limitations; indeed, it has failed even to identify the applicable limitation periods").

Because Mr. Bennett fails to show the existence of "exceptional circumstances" that entitle him to relief, the Court will deny his motion pursuant to Rule 60(b).  *See Servants of the Paraclete*, 204 F.3d at 1009.

### B. Relief Pursuant to Rule 59(e)

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e).  The Court entered final judgment on September 18, 2024, Docket No. 20, and Mr. Bennett filed the instant motion on September 26, 2024.  Docket No. 21.  Therefore, his motion is timely.  "If a motion is timely under both [Rules 60(b) and 58(e)], how we construe it depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011).  While a Rule 60(b) motion is appropriate for, "among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial,'" a Rule 59(e) motion is the "appropriate vehicle 'to correct manifest errors of law or to present newly discovered evidence.'"  *Id.* (quoting Fed. R. Civ. P. 60(b); *Phelps v. Hamilton*, 122 F.3d 885, 1324 (10th Cir. 1997)).  The decision to grant or deny a Rule 59 motion is committed to the Court's discretion.  *Phelps*, 122 F.3d at 1324.

Although Mr. Bennett cites Rule 59(e) as a basis for his motion, his arguments are more appropriately analyzed under Rule 60(b).  He does not argue that

10

"reconsideration is appropriate based on a change in controlling law or the availability of new evidence," but rather because there was excusable neglect and that dismissal of his case without prejudice was "unduly harsh and inequitable."  Docket 21 at 1; *see Handy v. City of Sheridan*, No. 12-cv-01015-WYD-KMT, 2015 WL 428380, at *2 (D. Colo. Jan. 30, 2015), *aff'd*, 636 F. App'x 728 (10th Cir. 2016) (unpublished) (finding that plaintiff's motion for reconsideration is "more appropriately addressed under Rule 60(b)" where plaintiff argued that "there is a need to correct clear error or prevent manifest injustice based on his former attorney['s] . . . neglect, the Court's failure to consider evidence, and the Court's failure to reopen discovery").

Even construing Mr. Bennett's motion liberally to seek relief under Rule 59(e), the Court finds that he is not entitled to relief.  As discussed previously, Mr. Bennett's arguments could have been raised before the September 18, 2024 order.  *See Banister v. Davis*, 590 U.S. 504, 508 (2020) (in deciding a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued").  Specifically, Mr. Bennett did not argue that the hospitalization and death of his son or the alleged error of Denver Distrct Court constituted excusable neglect for his failure to respond to the show cause order.  Mr. Bennett also failed to argue that defense counsel engaged in misconduct.  Moreover, the Court finds that Mr. Bennett's reasons, even if they were properly raised, do not constitute excusable neglect.  For reasons discussed previously, Mr. Bennett fails to show that it was an error of law to recommend dismissal of his case without prejudice or that it resulted in manifest injustice to do so, even if his claims are time-barred.

11

Mr. Bennett has not shown that failure to amend judgment in this case is necessary to correct manifest errors of law or to present newly discovered evidence. *See Commonwealth Prop. Advocs., LLC*, 680 F.3d at 1200. Therefore, the Court will deny Mr. Bennett's request to amend the judgment in this case under Rule 59(e). *See Handy*, 2015 WL 428380, at *3 (holding that "the filing of concurrent Rule 59(e) and 60(b) motions circumvents the intent of the rules," but finding nonetheless, "in an abundance of caution, the Court finds in the alternative that Plaintiff has also failed to demonstrate grounds for reconsideration under Rule 59(e)" because plaintiff "has not advanced any change in the law or newly discovered evidence," "has not shown any clear error in the Court's ruling" and "has not shown that the Court misapprehended the facts, the parties' positions or controlling law").

**CONCLUSION**

It is therefore,

**ORDERED** that plaintiff Bertram Ernest Bennett Jr.'s Motion for Reconsideration [Docket No. 21] is **DENIED**.

DATED August 20, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge